■ MAX DEAN, Respondent, v JAMES McHUGH CONSTRUCTION COMPANY, Appellant.—Order unanimously affirmed, with costs. Memorandum: Defendant appeals from an order restoring the action to the Trial Calendar. The action was commenced in 1973 to recover $1,000,000 allegedly due to plaintiff by defendant pursuant to an oral agreement to share profits "50-50" on several construction projects in Rochester, New York, during the period from 1965 to 1972. On September 7, 1973 defendant filed a note of issue, although its answer was not served until November 8, 1973. On December 10, 1974 the case was removed to the General Calendar because plaintiff had not filed the required statement of readiness. Statements of readiness must be filed when discovery proceedings are complete "and in any event within seven calendar days of the first appearance of the case on the list of trial calendar cases published in the *Rochester Daily Record".* (Calendar and Practice Rules for Supreme Court, Monroe County, Rule 1110.2 [a]; 22 NYCRR 1110.2 [a]). Plaintiff's statement of readiness was not filed because the case was not ready for trial. Only a short time earlier plaintiff had received answers to its interrogatories and the production of documents by defendant required in this complicated case, and he was attempting to review them for the purposes of trial. After doing so, plaintiff moved for restoration on June 3, 1975, within the one-year period required by subdivision (a) of rule 1024.13 of this Department's Uniform Calendar Rules (22 NYCRR 1024.13[a]), and the Trial Justice granted the motion. We find that the court properly exercised its discretion. Evidence of merit in the claim is contained in the admission of defendant's president that there was such a contract, at least as to some of the projects, and that the profits exceeded 50% of the amount paid to plaintiff so far. It is not necessary to review in detail the extensive pretrial litigation that followed the institution of suit (this is the third time various proceedings in the case have been before this court). The delay was reasonably related to the extensive pretrial discovery proceedings and appeals, and the motion was timely. (Appeal from order of Monroe Supreme Court restoring case to Trial Calendar.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.